IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

|  |  |
|---|---|
| GraphOn Corporation, a Delaware Corporation,  )<br>) )<br>) | |
| Plaintiff, ) | Civil Action No. 2:08-cv-317-TJW |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| Google Inc., a Delaware Corporation, ) | |
| ) | |
| Defendant. ) ) | |

## **GRAPHON'S ANSWER TO GOOGLE'S COUNTERCLAIMS**

Plaintiff GraphOn Corporation ("GraphOn"), by and through its undersigned counsel, hereby answers Google Inc.'s ("Google") Counterclaims as follows:

1. GraphOn denies the allegations set forth in Google's Answer to the extent those are inconsistent with the corresponding facts asserted in GraphOn's Complaint.

2. GraphOn admits that paragraph 60 of Google's Counterclaims purports to state a claim for declaratory judgment of non-infringement, invalidity, and unenforceability of the '538, '940, '034, and '591 patents (collectively, the "patents-in-suit"). However, GraphOn denies that Google has, in fact, adequately stated such claims for relief and that Google's claims have any merit.

Dockets.Justia.com

## PARTIES

3. GraphOn admits the allegations in paragraph 61 of Google's Counterclaims.

4. GraphOn admits the allegations in paragraph 62 of Google's Counterclaims.

## JURISDICTION AND VENUE

5. GraphOn admits the allegations in paragraph 63 of Google's Counterclaims.

6. GraphOn admits the allegations in paragraph 64 of Google's Counterclaims.

7. GraphOn admits the allegations in paragraph 65 of Google's Counterclaims.

## COUNT 1
### (Declaratory Judgment of Non-Infringement of the '538, '940, '034 and '591 Patents)

8. GraphOn incorporates by reference its responses in Paragraphs 1-7 above as if fully set forth herein.

9. GraphOn admits the allegations in paragraph 67 of Google's Counterclaims.

10. GraphOn admits the allegations in paragraph 68 of Google's Counterclaims.

11. GraphOn denies the allegations in paragraph 69 of Google's Counterclaims.

12. GraphOn denies the allegations in paragraph 70 of Google's Counterclaims.

13. GraphOn denies the allegations in paragraph 71 of Google's Counterclaims.

## COUNT 2
### (Declaratory Judgment of Invalidity of the '538, '940, '034 and '591 Patents)

14. GraphOn incorporates by reference its responses in Paragraphs 1-13 above as if fully set forth herein.

15. GraphOn admits the allegations in paragraph 73 of Google's Counterclaims.

16. GraphOn denies the allegations in paragraph 74 of Google's Counterclaims.

17. GraphOn denies the allegations in paragraph 75 of Google's Counterclaims.

18. GraphOn denies the allegations in paragraph 76 of Google's Counterclaims.

## COUNT 3
**(Declaratory Judgment of Unenforceability of the '538, '940, '034 and '591 Patents)**

19. GraphOn incorporates by reference its responses in Paragraphs 1-18 above as if fully set forth herein.

20. GraphOn admits the allegations in paragraph 78 of Google's Counterclaims.

21. GraphOn denies the allegations in paragraph 79 of Google's Counterclaims. Further, GraphOn addresses the allegations set forth in paragraphs 17-51 of Google's First Affirmative Defense as follows:

21A. GraphOn denies the allegations in paragraph 17 of Google's First Affirmative Defense.

21B. GraphOn admits that the patents-in-suit are all part of the same patent family, share a specification, and that each patent claims a priority date based on the filing date for the parent application that issued as U.S. Patent No. 5,778,367 ("the '367 patent"). GraphOn denies the remaining allegations in paragraph 18 of Google's First Affirmative Defense.

21C. GraphOn admits that NES filed a complaint against eBay during prosecution of the '538 patent. GraphOn also admits that MBHB, including Robert J. Irvine, was NES's litigation counsel in the eBay litigation and its prosecution counsel for its patent applications. GraphOn also admits that Mr. Irvine was involved in prosecuting the '956 application, and that he signed some of the office action responses. GraphOn denies any remaining allegations in paragraph 19 of Google's First Affirmative Defense.

21D. GraphOn admits that paragraph 20 of Google's First Affirmative Defense contains accurate quotes. Otherwise, denied.

21E. GraphOn admits that Mr. Irvine signed a terminal disclaimer for the '538 patent, but otherwise denies the allegations in paragraph 21 of Google's First Affirmative Defense.

21F. GraphOn admits that Cardinal Law Group submitted 238 references to the PTO, but otherwise denies the allegations contained in paragraph 22 of Google's First Affirmative Defense.

21G. GraphOn admits that NES filed a patent infringement action against eBay on March 13, 1999 regarding the '367 patent. GraphOn further admits that the applicants filed terminal disclaimers in the applications for the '538 and '034 patents over the '367 patent. GraphOn denies the remaining allegations in paragraph 23 of Google's First Affirmative Defense.

21H. GraphOn admits the allegations in paragraph 24 of Google's First Affirmative Defense.

21I. GraphOn admits that the motions were not addressed by the Court and that the litigation was ultimately dismissed by stipulation. GraphOn denies the remaining allegations in paragraph 25 of Google's First Affirmative Defense.

21J. GraphOn admits that the applicants and their patent counsel apparently did not rely on the Court's refusal to consider the summary judgment motions in connection with any decision to submit material prior art to the Examiner. Otherwise, GraphOn denies the remaining allegations in paragraph 26 of Google's First Affirmative Defense.

21K. GraphOn denies the allegations in paragraph 27 of Google's First Affirmative Defense.

21L. GraphOn denies the allegations in paragraph 28 of Google's First Affirmative Defense.

21M. GraphOn denies the allegations in paragraph 29 of Google's First Affirmative Defense.

21N. GraphOn denies the allegations in paragraph 30 of Google's First Affirmative Defense.

21O. GraphOn admits that the inventors filed the '956 application, which related to a system for securely storing information received over a public network. GraphOn also admits that MBHB was counsel of record for part of the prosecution of the application, and that Mr. Irvine signed some of responses filed in the application. GraphOn denies the remaining allegations in paragraph 31 of Google's First Affirmative Defense.

21P. GraphOn admits that the PTO issued a § 103 rejection of the '956 application and that other rejections followed. GraphOn denies the remaining allegations in paragraph 32 of Google's First Affirmative Defense.

21Q. GraphOn admits that the application for the '538 patent was filed in July 1998, and assigned to a different examiner than the '956 application. GraphOn also admits that part of the '538 patent prosecution was handled by MBHB and Mr. Irvine. GraphOn denies the remaining allegations in paragraph 33 of Google's First Affirmative Defense.

21R. GraphOn admits that the PTO issued a Notice of Allowance for the '538 patent in April 1999. GraphOn also admits that the applicants requested acceptance of a Continued Prosecution Application, abandoned the allowed application, and filed a preliminary amendment. Otherwise, GraphOn denies the remaining allegations in paragraph 34 of Google's First Affirmative Defense.

21S. GraphOn admits that abandonment occurred. GraphOn also admits that two of the references cited during prosecution of the '956 application were put before the examiner of the '538 patent application. GraphOn denies the remaining allegations in paragraph 35 of Google's First Affirmative Defense.

21T. GraphOn denies the allegations in paragraph 37 of Google's First Affirmative Defense.

21U. GraphOn denies the allegations in paragraph 38 of Google's First Affirmative Defense.

21V. GraphOn admits the allegations in paragraph 39 of Google's First Affirmative Defense.

21W. GraphOn admits that the '034 and '591 patents include claims directed to a web server for providing a pay-for-service web site that includes a process for receiving a fee for making a personal homepage accessible on a network. Otherwise, GraphOn denies the remaining allegations in paragraph 40 of Google's First Affirmative Defense.

21X. GraphOn denies the allegations in paragraph 41 of Google's First Affirmative Defense.

21Y. GraphOn denies the allegations in paragraph 42 of Google's First Affirmative Defense.

21Z. GraphOn denies the allegations in paragraph 43 of Google's First Affirmative Defense.

21AA. GraphOn denies the allegations in paragraph 44 of Google's First Affirmative Defense.

21BB. GraphOn admits the allegations in paragraph 45 of Google's First Affirmative Defense.

21CC. GraphOn admits the allegations in paragraph 46 of Google's First Affirmative Defense.

21DD. GraphOn admits that the '034 patent issued on April 11, 2006, from an application that continued from the applications for the '538 and '940 patents. GraphOn also admits that the three patents share an identical specification. Otherwise, GraphOn denies the remaining allegations in paragraph 47 of Google's First Affirmative Defense.

21EE. GraphOn admits the allegations in paragraph 48 of Google's First Affirmative Defense.

21FF. GraphOn admits that the '591 patent issued on September 11, 2007. GraphOn also admits that it was continued from the applications for the '538 and '940 patents, and that the three patents share an identical specification. Otherwise, GraphOn denies the remaining allegations in paragraph 49 of Google's First Affirmative Defense.

21GG. GraphOn denies the allegations in paragraph 50 of Google's First Affirmative Defense.

21HH. GraphOn denies the allegations in paragraph 51 of Google's First Affirmative Defense.

22. GraphOn denies the allegations in paragraph 80 of Google's Counterclaims.

## AFFIRMATIVE DEFENSE

1. Defendant's counterclaim related to inequitable conduct fails to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

(a) That Defendant takes nothing by way of its counterclaims;

(b) That Plaintiff be awarded its costs and attorneys' fees in defending against Defendant's counterclaims pursuant to at least 35 U.S.C. § 285; and

(c) That the Court award such further relief that it deems just and proper.

Dated: October 31, 2008                     Respectfully submitted,

     /s/ Padma Choudry
Robert C. Bunt - Attorney-in-Charge
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
Tel: (903) 531-3535
Fax: (903) 533-9687
Email: rcbunt@pbatyler.com

OF COUNSEL
Michael D. Rounds
Nevada Bar No. 4734
Padma Choudry
Nevada Bar No. 9784
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
E-Mail: mrounds@watsonrounds.com
E-Mail: pchoudry@watsonrounds.com

Attorneys for Plaintiff,
GRAPHON CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on today's date with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first-class mail on this same date:

Dated: October 31, 2008

Tricia Trevino